ISRAEL P. BRIGHTMAN & another *vs.* ELLERY R. BRIGHTMAN.

A testator who in one clause of his will devised land to D. and J., their heirs and assigns
provided in a subsequent clause that, "if D. or J. shall die leaving no issue of his body
then what I have here devised to such one I here devise to the survivor thereof and his
heirs and assigns." *Held,* that this was an executory devise limited upon a fee simple,
and upon the death of either D. or J., leaving issue, in the lifetime of the other, the con-
tingency became impossible and the estate in fee simple remained.

WRIT OF ENTRY dated May 27, 1867; submitted to the judg-
ment of the court on agreed facts of which the following is the
substance:

Israel Brightman, by his will, proved and allowed in 1838,
devised "to Daniel and John Brightman and to their heirs and
assigns" land in Westport, on condition that the said Daniel
and John should pay certain amounts to certain persons; be-
queathed to them personal property; and further provided: "If
the said Daniel or John shall decease leaving no issue of his
body lawfully begotten, then what I have here given and devised
to such one I here devise to the survivor thereof and his heirs
and assigns."

Of the amounts to be paid by Daniel and John under the
condition, each paid his part; and they held and occupied the
land together, without partition, until 1846, when Daniel died
leaving, as his children and only heirs, the demandants, both of
whom were born after 1838. In 1848 an undivided half of the
land was sold, under a decree of the probate court, to pay Dan-
iel's debts, and bought by Benjamin Church; and later in the
same year, by an indenture executed by Church and John
Brightman, they divided the land and each set off to the other
one half of it by metes and bounds.

The half set off to John (being the demanded premises) he
conveyed in fee simple by deed with covenants of full warranty
to the tenant, in 1860, and died in 1861, leaving no issue
whereupon the demandants laid claim to it.

*J. M. Morton, Jr.,* for the demandants.

*T. M. Stetson,* for the tenant.

CHAPMAN, C. J.   The clause in Israel Brightman's will devis-ing certain real estate " to Daniel and John Brightman and to their heirs and assigns," taken by itself, gave them an estate in fee simple.   The subsequent clause providing that " if the said Daniel or John shall decease, leaving no issue of his body law-fully begotten, then what I have devised to such one, I here de-vise to the survivor thereof and his heirs and assigns," created an executory devise limited upon that fee simple.   *Richardson* v. *Noyes*, 2 Mass. 56.   But the contingency did not happen; for Daniel died first, and left issue; and when John died Daniel did not survive him.   Upon the decease of Daniel leaving issue, the contingency mentioned became impossible, and the estate in fee simple remained.                            *Judgment for the tenant.*