CAROLINE I. HILL & others *vs*. FRANCIS BACON.

A testatrix devised land to her husband for life, and at his death the remainder in fee to her children in equal proportions, "and if either shall, at the time of their father's death, have deceased, leaving issue, such issue shall take their parents' portion of such estate." *Held*, that the children took vested remainders.

A testatrix, owning an undivided half of a parcel of land, devised this half specifically, and made a residuary devise of her estate; and after she made the will, and before her death, acquired an undivided thirty-second part of the parcel. *Held*, that the thirty-second part passed under the residuary devise, by the Rev. Sts. c. 62, § 3, (Gen. Sts. c. 92, § 4.)

BILL IN EQUITY, by Caroline I. Hill and her husband, and William Dehon, for specific performance of a contract of the defendant to buy from them nine undivided thirty-second parts of a parcel of land in Boston. The case, as it appeared from the bill and answer, on which it was reserved by the chief justice for the determination of the full court, was as follows :

Caroline M. Dehon, wife of William Dehon, being owner in fee of one undivided half of said parcel, made her will in 1858, by which she devised the said undivided half to her husband for life, and at his decease the remainder to her children, in fee, in equal proportions, " and if either shall, at the time of their father's death, have deceased, leaving issue, such issue shall take their parents' portion of such estate." The will contained a residuary devise to her husband. After making her will she became owner in fee of one undivided thirty-second part of said parcel. She died in 1859, leaving three children, namely, the plaintiff Caroline I. Hill, and two sons, one of whom died unmarried, devising and bequeathing all his estate to his brother and sister.

The defendant entered into a contract with the plaintiffs to buy nine undivided thirty-second parts of the parcel from them, but refused to accept the deed on the ground that they could not give a good title.

*R. Olney*, for the plaintiffs.

*J. D. Bryant*, for the defendant.

GRAY, J. By the specific devise in Mrs. Dehon's will, her husband took a life estate, and her children vested remainders in fee absolutely. *Pike* v. *Stephenson*, 99 Mass. 188. *White* v. *Curtis*, 12 Gray, 54. And the share acquired by her after making her will passed to her husband by the residuary clause. Rev. Sts. *c.* 62, § 3. *Decree for the plaintiffs.*