MAURICE GODDARD & others *vs.* ELEANOR G. MAY & another.

A testator directed that the residue of his estate should remain as invested at his death for five years thereafter, the income to be divided into five shares, one for his wife, and in case of her death to be divided among "her immediate surviving children," one for his son A., "and in case of his death without issue his said share shall be equally divided among his immediate surviving brother and sisters," and one share for each of his other living children, B., C. and D., in similar terms; that at the end of five years the principal should be divided into five portions, one for his wife for life, and on her death to be divided among her immediate surviving children, one for A., "but if he should die intestate and without issue, his said portion shall be equally divided among his immediate surviving brother and sisters," and one portion each for B., C. and D.; and in a separate clause, that if A., B., C. or D. should die without issue during five years after his death, then all that portion of the principal bequeathed to such child should be added in equal shares to the portions of such of his immediate children as might be living at the expiration of the five years. A. died before the testator. *Held*, that his share did not lapse but that the income went to B., C. and D., and the principal would go to those of the three who were alive at the end of five years from the testator's death.

PETITION by Maurice Goddard and Julia Goddard, administrators with the will annexed of the estate of Samuel Goddard, against Eleanor G. May and her guardian Frederick W. G. May, praying for instructions as to the construction of the will ; Mehitable M. Goddard, the testator's wife, his daughter, Julia Whitney and her husband, Josiah D. Whitney, joined as petitioners. The case as it appeared from the petition and answer, on which it was reserved by *Gray*, J., for the determination of the full court, was as follows :

Samuel Goddard made a will in 1865, by the first clause of which he gave to his wife his estate in Brookline, consisting of house, land and furniture, for her life, and " at her death said estate shall be divided equally among her immediate surviving children, according to the provisions hereinafter named with regard to their portions of the rest of my estate."

By the second clause he gave to his son Maurice Goddard personal property purchased with his money but standing in the testator's name.

By the third clause he gave to his granddaughter, Eleanor G. May, certain personal property, "and if the said Eleanor G. May shall die before the age of twenty-one, without legal issue, then

her said portion of my estate shall revert in equal shares to my immediate children who may be living at the time of her death."

" Fourth. It is my will that all of my estate, real and personal, that may remain after the devise of my said estate in Brookline, and the transfer of the personal property above specified to my wife, my son Maurice, and my granddaughter Eleanor G. May, shall remain invested as I may leave it at my death, for the space of five years, unless during that time it should be considered necessary in the judgment of two of the three gentlemen here named, viz., Benjamin E. Bates and Josiah Bardwell, both of Boston in the county of Suffolk, and William Dwight of Brookline in the county of Norfolk, to change the investments of the whole, or any portion thereof ; in which case my executors shall act in accordance with such decision by them made. And it is my will that all the income accruing from said estate during said time shall be divided into five equal shares, and paid as such income shall become due, according to my following directions, to the persons hereinafter named ; to wit, one of the said shares to my wife Mehitable May, to be accepted by her instead of her right of dower, and in case of her death her said share to be equally divided among her immediate surviving children. Also one of said shares to my daughter Louisa Whitney ; and in case of her death it is my will that her said share, together with all other income that may have accrued to her under the provisions of this will, shall be equally divided between her two children Ann Louisa Field and Eleanor G. Whitney ; but should either or both of her said children decease without legal issue, then the said income bequeathed to such child or children shall be equally divided among my immediate surviving children. Also one of the said shares to my son William D. Goddard ; and in case of his death without legal issue, his said share, together with all other income that may have accrued to him under the provisions of this will, shall be equally divided among his immediate surviving brother and sisters." The remaining shares were given, one to his daughter Julia, and the other to his son Maurice, in the same terms as those of the gift to William D.

" Fifth. And it is my will that at the expiration of five years after my death, the principal of all that part of my estate specified in article fourth of this instrument shall be divided as it then stands into five equal portions, each portion to contain a fifth part of each of the investments in which my said estate may then be comprised, said portions to be then given according to my following directions to the persons hereinafter specified; viz., one of said portions to my wife Mehitable May, to have and to hold the same during her life, and at her death her said portion shall be equally divided among her immediate surviving children.

" Also I give and bequeath one of said portions to Josiah Bardwell of Boston, to have and to hold the same to him, his heirs, executors, administrators and assigns, but to hold the same in trust nevertheless for the following purposes and uses; viz., to receive and collect all the income that shall accrue from the said portion of my estate, and pay the same to my daughter Louisa Whitney during her life, in semiannual payments." "And it is my will that at the death of my daughter Louisa, this her said portion of my estate shall be equally divided between her two children Ann Louisa Field and Eleanor G. Whitney, the same to be held in trust for them by the said Josiah Bardwell, and the income thereof to be paid them semiannually during their life ; and should either or both of the said children decease without legal issue, then it is my will that the said portion of my estate above bequeathed to such child or children shall be divided in equal shares among my immediate surviving children. Also one of the said portions shall be given to my son William D. Goddard, to have, to hold, and to dispose of the same, together with all other property that may accrue to him under the provisions of this will ; but if he should die intestate and without legal issue, it is my will that his said portion of my estate shall be equally divided among his immediate surviving brother and sisters."

The remaining portions were given, one to his daughter Julia, and one to his son Maurice, on the same terms as those of the gift to William D.

"Sixth. It is my will that if either or any of my children above specified, viz., Louisa Whitney, William D. Goddard, Julia Goddard and Maurice Goddard, should decease without legal issue during the space of five years after my death, then all that portion of the principal of my estate bequeathed to such child or children shall be added in equal shares to the portions of such of my immediate children who may be living at the expiration of the five years aforesaid."

William D. Goddard died intestate and without issue in 1867. The testator died in 1871, leaving his wife him surviving, and as his heirs, his children Louisa, Julia and Maurice, and his granddaughter Eleanor G. May, only child of Eleanor L. May, a deceased daughter.

*A. A. Ranney*, for the petitioners.

*G. W. Phillips*, for the respondents, submitted the case without argument.

WELLS, J. The legacies of income and principal, of the share directed to be set apart for William D. Goddard, did not lapse by his death without issue and intestate, in the lifetime of the testator; because there was an unconditional gift over, to take effect in that event. *Prescott* v. *Prescott*, 7 Met. 141. *Carpenter* v. *Heard*, 14 Pick. 449. It is contended that the expressions "his said share" and "his said portion" indicate that the gift over referred only to estate upon which the will had taken effect, so as to vest an interest in William D. Goddard; and therefore, as William D. died before the testator, there was no such estate, upon which the gift over could operate.

But we think the language properly defines, and was intended to refer to the share or portion of the testator's estate, which, by the same paragraph of the will, he had directed to be set apart and held for William D. Goddard; and it is called "his share" and "his portion" for that reason, and not from any intent to make the vesting of an interest in William D. Goddard a condition of the gift over.

It is also contended that the sixth clause restricts the limitation over; making it depend upon the contingency of death of the first taker, after the death of the testator, and within five years.

Conceding, for the purposes of the argument, that such would be the interpretation of that clause, if the gift over depended upon that alone, yet we think it is manifest from the whole will that such was not the intent of the testator. Indeed we incline to the opinion that the sixth clause was not inserted at all with reference to the condition of the limitation over. That had already been explicitly defined. The testator may have supposed that the trust provided for, and the disposition of the income during five years, required this express provision to secure their accomplishment, and prevent a division of the principal fund. Whatever may have been the purpose which induced its insertion, we do not think it is necessarily inconsistent with the terms of the limitations, as previously made ; nor that it was intended to control or restrict them.

The gift over is to " immediate surviving brothers and sisters." We do not understand that it is denied that this excludes the widow and the issue of deceased brothers and sisters. The whole structure of the will, and especially the direction in the sixth clause, as to the mode of disposing of the share of either of the four children of the testator, if it should fall in or become divisible during the five years after his death, indicate cross remainders between those four, so limited as to take effect only in survivors.

The claim of the widow is not properly represented here, as she joins in the bill as plaintiff, instead of answering to it as defendant. We suppose it to be that the share of William D. Goddard has lapsed and fallen into the residue, and thus enlarged her share. But this ground we think is untenable.

The purposes of the trust for the residue, as well as the directions of the sixth clause, require that the share of William D. should be retained undivided, except for the purposes of distributing the income to the brother and sisters, until the expiration of five years from the testator's death ; when the distribution of the principal will take place, one third of this share being added to each of the shares of his brother and sisters.

*Instructions accordingly.*