JAMES W. KIMBALL, trustee, *vs.* JOSEPH B. TILTON & others.

Suffolk. Nov. 18, 1874. — Sept. 13, 1875. WELLS & DEVENS, JJ., absent.

A testator gave the residue of his estate, real and personal, to a trustee in trust to pay one half of the net income to his wife for life, and to divide the other half between his wife, daughter and two sons, as the trustee should deem proper, and, on the death of the wife, to divide the entire net income among the three children during the life of the daughter, and, on the death of the daughter, to divide the entire trust fund into three equal parts and to pay one part to each of the sons and the remaining part to the issue of the daughter. Then followed a proviso, that if either son should die before the death of the daughter, leaving lawful issue then living, such issue should take the parent's share ; and for want of such issue on the part of either son, the one third directed to be given to them respectively,

if living at the decease of the daughter, should go to their heirs at law. One son died after the testator's wife leaving one child, who subsequently died, and after this the daughter died. *Held*, that the son took a vested remainder in fee, which was capable of alienation.

BILL IN EQUITY by the trustee under the will of Eliphalet Kimball against Joseph B. Tilton and William Tilton, administrators of the estate of Stephen Tilton, and Eliza A. H. Kimball, widow of Edward R. Kimball and executrix of his will, and administratrix of the estate of Henry T. Kimball. The case was reserved, on the bill and answers, by *Morton*, J., for the consideration of the full court, and was as follows:

On January 17, 1850, Eliphalet Kimball made his will, which, after providing for the payment of his debts, funeral expenses and charges of administration, proceeded as follows:

" All the rest, residue and remainder of the property and estate, real as well as personal, of which I may die seised or possessed, of whatever the same may consist, and wherever it may be, I give, devise and bequeath to Julius A. Palmer, of said Boston, merchant, and Francis O. Watts, of said Boston, esquire, to have and to hold so much and such parts thereof as shall consist of real estate to them, the said Palmer and Watts, the survivor of them, and the heirs and assigns of such survivor, and so much and such parts thereof as shall consist of personal property to them, said Palmer and Watts, the survivor of them, and the executors, administrators and assigns of such survivor; in trust, however, for the following uses and purposes, namely, in trust to hold, manage and improve the same, with authority at all times to sell the same, or any parts or parcels thereof, and the net proceeds to reinvest at their discretion, and so from time to time, and after paying taxes, insurance and all incidental charges, to pay and dispose of the net income of said trust fund, property and estate as follows; namely, one half part thereof to my beloved wife Lydia Kimball, for and during the full term of her natural life, and the other half of said net income to divide among my said wife and my three children Augusta Kimball, James William Kimball, and Edward R. Kimball, or such of them as shall be living, in such proportions as to my said trustees shall from time to time seem proper, for and during the full term of the natural life of my said wife; and after the decease of my

said wife to divide the net income of said trust fund, property and estate among my said three children in such proportions as to my said trustees may from time to time seem proper, during the full term of the natural life of my said daughter, the share, if any, of the income of either of my said sons, in case of his decease before the death of my said daughter, to go to his lawful issue, who are to take by right of representation, and for want of such issue, to his heirs at law. And after the decease of my said wife and my said daughter, it is my will that said trustees divide the whole trust fund, property and estate, with all proceeds thereof, principal as well as any remaining income or interest, into three equal parts, of which I direct said trustees to account for, convey and pay, one to my said son James William, one to my said son Edward R., and one to the lawful issue of my said daughter Augusta, to have and to hold so much thereof as shall consist of real estate to them, respectively, and their respective heirs and assigns, and so much thereof as shall consist of personal property to them, their executors, administrators and assigns, to their use and behoof forever.

" Provided, however, that if either the said James William or Edward R. shall have deceased before the death of my said daughter, leaving lawful issue then living, such issue shall take the parent's share ; and for want of such issue on the part of either of my said sons, the share or one third hereinbefore directed to be given and accounted for to them, respectively, if living at the decease of my said daughter, shall go to their heirs at law, to have and to hold to them, respectively, and their respective heirs, executors, administrators and assigns, to their own use and behoof forever."

Eliphalet Kimball died on April 17, 1855, leaving his widow, Lydia, and three children, Augusta Kimball, James W. Kimball, and Edward R. Kimball. The will was admitted to probate, and the persons named in the will as trustees were duly qualified as such. They afterwards resigned the trust and the plaintiff was appointed trustee in their stead. Lydia Kimball died August 20, 1855. Edward R. Kimball died, testate, November 17, 1869, leaving a widow, Eliza A. H. Kimball, and one son, Henry T. Kimball, who died May 5, 1873, about fifteen years of age. Augusta Kimball died November 9, 1873, leaving no issue.

On January 21, 1865, Edward R. Kimball borrowed and received of Stephen Tilton the sum of $5000, and to secure payment of the same conveyed to him by an instrument absolute in form, but intended as a mortgage, all his estate and interest under the will of Eliphalet Kimball.

After this conveyance was made the plaintiff, as trustee of said estate, advanced certain sums of money to Edward R. Kimball, under agreements, to which Tilton was a party, he surrendering his rights in the estate until the plaintiff should be paid, and Edward R. agreeing that the plaintiff should withhold all the net income that would go by the terms of the will to him or his lawful issue, until said sums were fully paid.

*A. A. Ranney & J. F. Colby*, for the plaintiff.

*C. B. Goodrich & C. Wheeler*, for the administrators of Stephen Tilton.

*J. H. Benton, Jr.*, for Eliza A. H. Kimball.

ENDICOTT, J. By the second clause of the will, Edward R. Kimball, upon the decease of his father, took a vested remainder in fee in one third of his father's estate, the possession of which was postponed until the death of his mother and his sister Augusta. Is this provision controlled by the proviso which follows it? The proviso looks to two contingencies. The first is, if he shall die before Augusta, " leaving lawful issue then living, such issue shall take the parent's share." It is contended that as he did die before Augusta, leaving a son, that his share never vested, or if it vested was divested by the happening of the contingency.

In *Hill* v. *Bacon*, 106 Mass. 578, a testatrix left certain real estate to her husband for life, and upon his decease to her children, and if on the decease of the husband, either of the children had deceased, " leaving issue, such issue shall take their parents' portion." The words are in substance the same as the words of this will, and it was held that the children took vested remainders in fee absolutely. So far, the proviso does not control what precedes it.

The second contingency is, that for want of such issue, such share shall go to his heirs at law. A double event is here contemplated, the death of Edward before Augusta, and without issue. He left issue, and the event intended to be provided for has not happened. Whether this may or may not be regarded

as a condition subsequent, which would postpone the vesting of the estate, or divest it, if vested, upon the happening of the event, it is not material to determine. The contingency did not occur, and in either aspect the fee became absolute. *Blanchard* v. *Blanchard*, 1 Allen, 223.

The administrators of the estate of Stephen Tilton are therefore entitled to be paid the $5000 and interest which was secured to their testator by the indenture made with Edward R. Kimball during his lifetime. But as Stephen Tilton, by his agreements with the plaintiff, gave up and surrendered his claims upon the estate of Edward R. Kimball until the sums of money due to the plaintiff from Edward R. were paid, the sums so due must first be deducted from the share of Edward R. before the claim of the administrators can be paid. If the parties fail to agree upon the sum due the trustee from Edward R. the case must be sent to a master to determine the amount. *Decree accordingly.*