SILAS D. CROSSMAN & others *vs.* EDWARD H. FIELD & another.

Bristol.    Oct. 28. — Nov. 27, 1875.    MORTON, J., absent.

A testatrix by her will, after directing payment of all her debts, provided as follows "All my property both real and personal of whatsoever name or kind (except what shall be disposed of hereafter) I give for the maintenance support and bringing up of my niece J. F. under the management of my brother E. C. as guardian during his lifetime provided he does not bring home his wife F. or marry with some other person in which case my brother D. C. is to have the management or guardianship heretofore named, and if the said J. F. should not live, then the property which I now give to her, the improve only I give to my brother E. C. during his lifetime, provided he marries not nor supports his present wife in which case it must go to my brothers A. and D. C.," and then gave specific legacies to other persons. *Held*, that J. F. took an estate in fee.

PETITION for partition, filed December 18, 1874, by the heirs of Ebenezer Crossman, of a parcel of land in Taunton, alleging that they were tenants in common with the respondents, Edward H. Field and Henry Field, Jr. Trial in the Superior Court, before *Wilkinson*, J., who, after verdict, reported the case for the determination of this court in substance as follows:

It was admitted that the title to the land was in Mercy Crossman at the time of her death in 1834. The material parts of

her will, which was dated September 2, 1834, and admitted to probate on November 7 of the same year, were as follows :

" And first, that all my debts shall be paid and secondly that all my property both real and personal of whatsoever name or kind (except what shall be disposed of hereafter) I give for the maintenance support and bringing up of my niece Julia Frances Crossman, under the management of my brother Edward Crossman as guardian during his lifetime provided he does not bring home his wife Fanny or marry with some other person in which case my brother Daniel Crossman is to have the management or guardianship heretofore named, and if the said Julia Frances should not live, then the property which I now give to her, the improve only I give to my brother Edward during his lifetime provided he marries not nor supports his present wife in which case it must go to my brothers Ebenezer Crossman and Daniel Crossman.

" Thirdly. I give to my nephew John H. Crossman one hundred and fifty dollars in cash and fourthly to Mrs. Sarah Walters my niece the amount of fifty dollars in furniture."

It further appeared that Mercy Crossman was unmarried, and that her heirs at law were her brothers, Ebenezer, Daniel, Josiah and Edward, all of whom are now dead. There are no descendants of Daniel living, and Josiah was unmarried.

It further appeared that Edward Crossman left one child only, a daughter, Julia Frances, who is the person mentioned by that name in the will of Mercy Crossman ; that Julia Frances first married one Waldron, who died leaving no issue by her ; and that afterwards she married Henry Field, Jr., one of the respondents, by whom she had one child, Edward H. Field, the other respondent, both of whom are now living ; and that Julia Frances died in 1849. It did not appear that any of the property of Mercy Crossman had been disposed of or conveyed for the maintenance, support or bringing up of Julia Frances.

Upon these facts, the judge ruled that the will of Mercy Crossman devised to Julia Frances a fee in the land described in this petition, and that this petition could not be maintained, and directed the jury to return a verdict for the respondents.

*C. A. Reed*, for the petitioners.

*W. E. Fuller & S. M. Thomas*, for the respondents.

GRAY, C. J.   The intention of the testatrix to give an estate in fee to her niece is manifested in several ways :

1st. By the use of the words "all my property, both real and personal, of whatsoever name or kind," which, in a will, ordinarily pass a fee.  *Godfrey* v. *Humphrey*, 18 Pick. 537. *Leland* v. *Adams*, 9 Gray, 171.  *Lincoln* v. *Lincoln*, 107 Mass. 590.

2d. By the addition of the words "except what shall be disposed of hereafter," which confirm the presumption that the testatrix did not intend to die intestate as to any part of her estate. *Tracy* v. *Kilborn*, 3 Cush. 557.  *Gleason* v. *Fayerweather*, 4 Gray, 348.

3d. By the subsequent description of the subject of the devise as the "property which I now give to her."  See cases under first point, *supra.*

4th. By contrast with the devise over of "the improve only" to Edward Crossman, giving him but a life estate.  *Fay* v. *Fay*, 1 Cush. 93.

5th. By the consideration that if the word "it" in the final limitation to Ebenezer and Daniel imports a fee, (and so would prevent an intestacy as to the remainder, as would be the case if they should take only a life estate,) the implication is unavoidable that a like fee had previously been devised, which could only be to the niece.

The proviso that if the niece "should not live" is exactly equivalent to "if she should die," or "in case of her death," and (as she must die at some time, and no other period is mentioned in the will) must apparently be construed "if she should not survive me," the testatrix.  *Briggs* v. *Shaw*, 9 Allen, 516.  2 Jarman on Wills, c. 48.  But if the will could be construed to give the niece an estate in fee, subject to be devested upon her dying before Edward Crossman, she did in fact survive him, and the contingency upon which her estate would be devested has not arisen.  *Brightman* v. *Brightman*, 100 Mass. 238.  *Kimball* v. *Tilton*, 118 Mass. 311.

The legal effect of all the provisions of the will is too clear to be restricted by the mention of the purpose of the devise to the niece as for her "maintenance, support and bringing up ;" by the appointment of Edward, or in certain contingencies Daniel,

to be her guardian; or by the consideration that, if the niece takes a fee, some of the limitations over may be repugnant and void. *Judgment on the verdict.*