HORACE E. BUCK, executor, in equity,

*vs.*

ALBERT W. PAINE and others.

Penobscot. Opinion February 12, 1884.

*Will. Trust. Construction. Husband. Heirs. Shelley's case. Costs.*

A testator left to trustees an estate for his grandchild; the trust to continue three years; during the three years the trustees to possess and manage the

property and its income, and provide for and pay over to the grandchild at their discretion; at the end of three years the estate to pass to the possession of the grandchild, if then alive; and, "if the grandchild die before the trust ceases, her legal heirs to be substituted in place of deceased in every respect." The grandchild died within the three years, devising all her estate to her husband and others. *Held:*

1. That at the grandfather's death an equitable fee-simple, conditional, passed to and vested in the grandchild; that she could convey or devise such equitable fee, subject to its being defeated by the happening of the condition:

2. That by her death within the three years the condition took effect, terminating her equitable fee, and that the estate thereby passed to her legal heirs as an executory devise:

3. That the words of the will clearly enough create a conditional fee; no particular, or set, or technical words being necessary to create a condition; a common sense construction of the words governs:

4. That the condition subsequent is not repugnant to the prior gift, in the legal sense of the term repugnancy; it is more than repugnant — cuts deeper — overrules and controls:

5. That the granddaughter's husband is not one of her legal heirs, in the sense of the devise over to her legal heirs.

6. That the ancient rule that a limitation over to one's heirs is void, does not apply to these facts; the devise over is not to the testator's heirs, but to the heirs of his grandchild.

The rule in *Shelley's case* has been abolished in this state. R. S. c. 73, § 6.

The costs of this litigation are properly allowable as a charge upon the estate in controversy, under the peculiar circumstances of the case.

On BILL IN EQUITY, by the executor of the last will and testament of Susan H. Buck, the deceased wife of the complainant, whose maiden name was Susan H. Rich, against Albert W. Paine and Thomas A. Rich, executors and trustees under the last will and testament of Sylvanus Rich, and Mary F. Rich and Thomas S. Rich, legatees. The bill was brought to obtain a construction of the will of Sylvanus Rich, and the case was heard on bill, answer and proof.

*Barker, Vose and Barker,* for the plaintiff.

The case shows that though the will was made some years prior to the death of testator, it was at a time when the testator was very sick, not expected to live, and his children for whose benefit the trust was created were young — one of them lacked about three years of her majority and all were in good health. The only change effected by the will was occasioned by some

trifling bequests and the provision placing the portion of his estate which would descend by law to the children in the hands of trustees. These circumstances clearly show the purpose and intent of the testator.

There are so many authorities upon the construction of wills, one feels like saying as Lord COKE said more than two hundred years ago, " Wills and their construction of them do more perplex a man than any other learning." Some learned judge has said " every will is a law unto itself. " The general rule laid down by all authors is tersely stated as follows :

"The intention of the testator is the first and great object of inquiry and to this object technical rules are to a certain extent made subservient." 4 Kent's Com. * 535. See *Brown* v. *Merrill*, 131 Mass. 324.

The legal import of technical language in working a limitation is not to prevail against the manifest intention of the testator, as gathered from the language used, the circumstances of the testator and the subject matter of the bequest. *Hodgson* v. *Ambrose*, 1 Dougl. 337 ; *Doe* v. *Applin*, 4 T. R. 82 ; *Smith* v. *Bell*, 6 Pet. 75 ; *Crocker* v. *Crocker*, 11 Pick. 256 ; *Holman* v. *Price*, 37 Am. R. 616 ; *Lassiter* v. *Wood*, 63 N. C. 360 ; *Richardson* v. *Noyes*, 2 Mass. 58 ; *Ramsdell* v. *Ramsdell*, 21 Maine, 292 ; *Cook* v. *Holmes*, 11 Mass. 528.

As in the case last cited so in this case ; seeking to divide his property equally, Captain Rich never intended to give one-half absolutely to his son and the other limited to his grandchildren any further than such limitation was necessary to protect the estate till they could control it.

The court in *Lord* v. *Bourne*, 63 Maine, 368, construe the term " legal heirs, " and that construction excludes the husband. The court, however, add : " But this is only the *prima facie* construction which may be repelled by evidence of a contrary intention of the testator. "

Captain Rich made his will in 1872, before the opinion in *Lord* v. *Bourne*. The only case in this state which had then been reported was *Mace* v. *Cushman*, 45 Maine, 250, which held exactly the reverse of the decision in *Lord* v. *Bourne*.

Any examination of the authorities in this state at the time this will was made, and from such an examination only could an opinion have been given, would have established the fact that a husband of said Susan would have been entitled to his portion of the estate under the strict interpretation of the limitation. May not Captain Rich have acted under this impression? Upon this point see *Cushman* v. *Horton*, 10 Alb. L. J. 124; *Bunnell* v. *Evans*, 14 Alb. L. J. 251; 28 Alb. L. J. 379; *Urich's Appeal*, 27 Am. R. 708; 4 Kent's Com. * 216.

The legacy vested in Susan H. Rich. The general rule seems to be that an estate is vested when there is a present fixed right of future enjoyment. The law favors vested estates and no remainder will be construed to be contingent which may consistently with the intention be deemed vested. 4 Kent's Com. * 202, * 203; *Ewer* v. *Jones*, 2 Salk. 415; *Kimball* v. *Crocker*, 53 Maine, 263; 2 Blackstone's Com. 513; *Eldridge* v. *Eldridge*, 9 Cush. 516; *Shattuck* v. *Stedman*, 2 Pick. 468; 25 Alb. L. J. 196; *Folk* v. *Whitley*, 8 Iredell, 133; *Sanderlin* v. *Deford*, 2 Jones, 74; *Coon* v. *Rice*, 7 Iredell, 217; *McBee ex parte*, 63 N. C. 332; *Worrell* v. *Vinson*, 5 Jones, 91; *Zollicoffer* v. *Zollicoffer*, 4 Dev. & Bat. 438; *Ide* v. *Ide*, 5 Mass. 500; *Ellis* v. *Page*, 7 Cush. 161; 4 Kent's Com. * 507.

*A. W. Paine*, for the defendants, cited: *Morton* v. *Barrett*, 22 Maine, 257; *Doe* v. *Perratt*, 5 B. & C. 48; *Fisk* v. *Keene*, 35 Maine, 349; *Deering* v. *Adams*, 37 Maine, 264; *Shaw* v. *Hussey*, 41 Maine, 495; *Cotton* v. *Smithwick*, 66 Maine, 360; *Nutter* v. *Vickery*, 64 Maine, 490; *Lord* v. *Bourne*, 63 Maine, 368; *Lombard* v. *Boyden*, 5 Allen, 249; *Loring* v. *Thorndike*, 5 Allen, 257; *Clarke* v. *Cordis*, 4 Allen, 466; *Bassett* v. *Granger*, 100 Mass. 348; *Daggett* v. *Slack*, 8 Met. 450; *Holbrook* v. *Harrington*, 16 Gray, 104; *Tillinghast* v. *Cook*, 9 Met. 146; Wigram, Interpretation of Wills, 15; *Putnum* v. *Gleason*, 99 Mass. 454; *Haley* v. *Boston*, 108 Mass. 576; *Minot* v. *Harris*, 132 Mass. 528; *Albee* v. *Carpenter*, 12 Cush. 382; *Houghton* v. *Kendall*, 7 Allen, 72;

*Mace* v. *Cushman*, 45 Maine, 250; *Sweet* v. *Dutton*, 109 Mass. 589; *Brown* v. *Bartlett*, 58 N. H. 511; *Smith* v. *Bell*, 6 Pet. 75; *Sheffield* v. *Lovering*, 12 Mass. 490; *Read* v. *Fogg*, 60 Maine, 479; *Read* v. *Hilton*, 68 Maine, 139; *Hun*, v. *Hall*, 37 Maine, 363; *Bowers* v. *Porter*, 4 Pick. 198; *White* v. *Woodbury*, 9 Pick. 136; *Richardson* v. *Wheatland*, 7 Met. 169; *Putnam* v. *Story*, 132 Mass. 205; 4 Kent's Com. 302; *Loring* v. *Eliot*, 16 Gray, 573; *Angell, guardian*, 13 R. I. 630; 9 How. 196; *Tallman* v. *Wood*, 26 Wend. 9; *Wood* v. *Burnham*, 6 Paige, 513; Hill on Trustees, * 328;

PETERS, C. J. This is a bill instituted to obtain the legal construction of the following clauses of Sylvanus Rich's will:

"To Albert W. Paine and Thomas A. Rich, I do give the other half part of all the residue and remainder of my estate, real and personal, subject only to the payment of the other half of my said debts and funeral charges. To have and to hold the same to them, the said Paine and Rich, and the survivor of them and their heirs and assigns forever in trust, for the equal use and benefit of my two grandchildren, Thomas S. and Susan H. Rich, children of my deceased son Henry S. Rich, for the term three years, at the end of which time the trust shall cease, and each one's share shall then go to said children respectively, together with all the net earnings and income thereof not already then paid or delivered to them respectively. My said trustees are to have the entire control and disposition of said half part of said remainder, see to its care and investment, with full power to sell and convey any part of it as they may think proper and best for the interest of all concerned. They may from time to time pay or deliver over to said beneficiaries so much and such part of the said estate thus in their hands, as they may think prudent, and their receipts therefor shall be sufficient vouchers in probate."

"If either of said children die before the trust ceases, his or her legal heirs shall be substituted in the place of deceased in every respect."

One of the "children," Susan H. Rich, died within three years after the death of the testator, disposing of her estate by her will. The question is, whether any interest in her grand-

- father's estate passed to her husband and others by her will. We think not. She dying within the three years named, during the continuance of the trust, her death terminated all her interest and right therein. Her attempted devise of a portion of her grandfather's estate fails.

The intention of the testator, Sylvanus Rich, is clear. The use of different words could hardly make it clearer. The estate was to remain in trust for three years; the grandchildren were to depend upon the judgment and discretion of the trustees for the reception of any needed bounty or support during that time; if they survived the testator for three years, they were to receive a full legal fee; otherwise, the estate was to go over to their legal heirs.

The complainant contends that the condition was reasonable as seen at the date of the will, and unreasonable as seen at the date of the testator's death; that the testator was thinking of the condition of the legatee as a minor, and not of her when she would be of age. That may be so. Changes in life making changes in wills desirable supervene in many cases more rapidly than they are realized. Events come swiftly and men move slowly. But we are not permitted to frustrate the intention as found recorded in the will.

The complainant contends that the will of Sylvanus Rich passed a fee to his grandchild, the complainant's wife. There can be no doubt of that. At the testator's death an equitable fee passed to and vested in the devisee. It was a present and not a future gift. The power lodged with the trustees demonstrates the correctness of this view. Rop. Leg. * 553; *Leighton* v. *Leighton*, 58 Maine, 63; *Verrill* v. *Weymouth*, 68 Maine, 318.

The complainant further contends that his wife having an equitable vested fee, she could convey or devise it. The correctness of this view is not to be denied. The misfortune of the complainant is, however, that by the death of his wife within the three years, no estate was left in his wife to be transmitted by her will. Her death, during the continuance of the trust, terminated and defeated the fee. She took under the will an equitable fee, but with a condition subsequent annexed

to such fee, and by the happening of the condition her estate ended. The testator, the grandfather, in his will distinctly declares that, in case of her death before the trust ceases, her legal heirs shall be substituted in her place in every respect.

An estate, subject to a condition subsequent, may descend in the same manner as an indefeasible estate, but the heir (or devisee, or grantee) takes it with the condition annexed. Here the complainant's wife took an equitable fee, and, by her death during the three years named in the will, the estate went over to her heirs as an executory devise. When an estate is devised in fee, with a devise of it over upon the happening of a certain event, the first devisee takes an estate in fee simple conditional, and the devise over takes effect as an executory devise. *Fisk* v. *Keene*, 35 Maine, 349; 2 Red. Wills, 645. Roper calls the estate received by the first taker "an estate vesting *sub modo*, a species of conditional legacy or devise, subject to be divested on the happening of the contingency on which it is given." 1 Rop. Leg. * 601.

The words of the will clearly enough create a conditional devise only. No particular or set or technical words are necessary to create a condition. A common sense construction of the words governs. The expressive word here, the word "if", is quite commonly employed to express a condition. The words "shall be substituted" have an unmistakable meaning in their place. It would be a perversion of the common meaning of common words to deny the testator's intention to create a conditional devise. The books abound with cases that are in principle like the case at bar; showing that the happening of the subsequent condition defeats the precedent estate, although a vested estate. *Richardson* v. *Noyes*, 2 Mass. 56; *Brightman* v. *Brightman*, 100 Mass. 238; 1 Rop. Leg. * 766 and cases; *Idem*, * 601 and cases; 1 Jar. Wills * 848, * 864.

But it is contended that the condition subsequent is repugnant to the prior gift of an equitable fee, and therefore void. In one sense it may be regarded as repugnant. Not in a legal sense, however. It is not an illegal repugnancy. The objection of repugnancy in its proper sense does not apply. It is repugnant

in the sense that a condition in a mortgage is repugnant to the prior granting of a fee. It is different from what is understood as repugnancy; it is more than that; it cuts deeper; it controls and overrules. It is no more repugnant than any other condition subsequent is. A limitation over is void where there is a clear intention of the testator that the first taker shall have an absolute estate. Absolute property gives absolute dominion. You cannot first give an absolute property, and then provide what such absolute owner shall do with it. In the will before us an absolute property is not given — it is given conditionally — given upon a contingency. See for illustrations of the proper distinction, the following authorities: *Stuart* v. *Walker*, 72 Maine, 145; *Copeland* v. *Barron, Idem*, 206; 1 Rop. Leg. * 785; 2 Red. Wills, 667; see also, *Hooper* v. *Bradbury*, 133 Mass. 303; and *Broadway National Bank* v. *Adams, Id.* 170.

The husband of the devisee cannot be considered one of her legal heirs, in the sense of the term as used in the devise over to " legal heirs ". *Lord* v. *Bourne*, 63 Maine, 368.

The ancient rule, invoked by the complainant, that the limitation over is void because to heirs and not to strangers, does not apply. The reason of that rule is that the title by descent is considered the worthier title. And the estate would descend to the heirs in case of forfeiture, whether there was a limitation or not. But here the limitation is not to the testator's heirs. His own heirs are not to come in. The limitation is to the heirs of his grandchildren. For this reason, and other reasons could be added, this point fails the complainant. *Randall* v. *Marble*, 69 Maine, 310; *Lord* v. *Bourne, supra.*

The rule in *Shelley's case* has been abolished in this state. R. S., c. 73, § 6.

We think the costs of these proceedings may properly be decreed to be a charge upon the estate in controversy.

*Decree according to the opinion.*

WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.