MAURICE GODDARD, trustee, *vs.* JOSIAH D. WHITNEY
& others.

Suffolk.   Nov. 19, 20, 1884. — Sept. 4, 1885.   FIELD & COLBURN, JJ.,
absent.   W. ALLEN, J., did not sit.

A testator directed ·that the residue of his estate should remain as invested at his death for five years thereafter, the income to be divided into five shares : one for his wife, and in case of her death to be divided among "her immediate surviving children ; " one for his son A , " and in case of his death without issue his said share shall be equally divided among his immediate surviving brothers and sisters; " one share for L., a daughter, and in case of her death "her said share, together with all other income that may have accrued under the provisions of this will shall be equally divided between her two children ; but should either or both of her said children decease without legal issue, then the said income bequeathed to such child or children shall be equally divided among my immediate surviving children; " and one share for each of his other children in the same terms as those of the gift to A.   The will further provided, that, at the expiration of five years, the principal of the estate should be divided into five portions, one of which was to be held in trust, to pay the income to L. for her life, and at her death to be equally divided between her two children, the same to be held in trust for them, the income to be paid them during their life ; "and should either or both of the said children decease without legal issue," the portion bequeathed to them to be divided "among my immediate surviving children."   A son died, without issue, before the testator, and his portion was, after the testator's death, divided among the shares of the other children. L. died after the expiration of the five years, leaving a husband and the two children mentioned in the will.   One of these children died, intestate, after her mother, leaving a husband and a child.   *Held,* that the portion which L.'s share received from the share bequeathed to the brother was to be added to her share and held in trust.   *Held, also,* that L. took only an equitable estate for life, and that the gift over was not void for remoteness.   *Held, also,* that, on the decease of L.'s daughter, the trust terminated as to her half of her mother's portion, and that it was to be treated as property of which she had died intestate.

BILL IN EQUITY, filed September 16, 1882, by the trustee under the will of Samuel Goddard, praying for instructions as to the construction of the will.   The case as it appeared from the bill and answers, on which it was reserved by *Holmes, J.,* for the consideration of the full court, was as follows :

Samuel Goddard made a will in 1865, which was admitted to probate in April, 1871, by the first clause of which he gave to his wife his estate in Brookline, consisting of a house, land, and furniture, for her life ; and " at her death said estate shall be divided equally among her immediate surviving children, according

to the provisions hereinafter named with regard to their portions of the rest of my estate."

By the second clause he gave to his son Maurice Goddard personal property purchased with his money, but standing in the testator's name.

By the third clause he gave to his granddaughter Eleanor G. May certain personal property; " and if the said Eleanor G. May shall die before the age of twenty-one, without legal issue, then her said portion of my estate shall revert in equal shares to my immediate children who may be living at the time of her death."

The remaining clauses of the will were as follows:

" Fourth. It is my will that all of my estate, real and personal, that may remain after the devise of my said estate in Brookline, and the transfer of the personal property above specified to my wife, my son Maurice, and my granddaughter Eleanor G. May, shall remain invested as I may leave it at my death for the space of five years, unless during that time it should be considered necessary, in the judgments of two of the three gentlemen here named, viz. Benjamin E. Bates and Josiah Bardwell, both of Boston, in the county of Suffolk, and William Dwight, of Brookline, in the county of Norfolk, to change the investments of the whole or any portion thereof, in which case my executors shall act in accordance with such decision by them made; and it is my will that all the income accruing from said estate during said time shall be divided into five equal shares, and paid, as such income shall become due, according to my following directions to the persons hereinafter named, to wit: One of the said shares to my wife, Mehitable May, to be accepted by her instead of her right of dower, and, in case of her death, her said share to be equally divided among her immediate surviving children. Also, one of the said shares to my daughter Louisa Whitney, and in case of her death, it is my will that her said share, together with all other income that may have accrued to her under the provisions of this will, shall be equally divided between her two children, Annie Louisa Field and Eleanor G. Whitney; but should either or both of her said children decease without legal issue, then the said income bequeathed to such child or children shall be equally divided among my immediate

surviving children. Also, one of the said shares to my son, William D. Goddard, and in case of his death without legal issue, his said share, together with all other income that may have accrued to him under the provisions of this will, shall be equally divided among the immediate surviving brother and sisters." The remaining shares were given, one to his daughter Julia, and the other to his son Maurice, in the same terms as those of the gift to William D.

"Fifth. And it is my will that, at the expiration of five years after my death, the principal of all that part of my estate specified in article fourth of this instrument shall be divided as it then stands into five equal portions, each portion to contain a fifth part of each of the investments in which my estate may then be comprised, said portions to be then given according to my following directions, to the persons hereinafter specified, viz.: One of said portions to my wife, Mehitable May, to have and to hold the same during her life, and at her death her said portion shall be equally divided among her immediate surviving children.

"Also, I give and bequeath one of said portions to Josiah Bardwell, of Boston, in the county of Suffolk and Commonwealth of Massachusetts, to have and to hold the same to him, his heirs, executors, administrators, and assigns, but to hold the same in trust, nevertheless, for the following purposes and uses, viz. to receive and collect all the income that shall accrue from the said portion of my estate, and pay the same to my daughter, Louisa Whitney, during her life, in semiannual payments. And it is my will that the investments of the said portion of my estate shall not be changed unless it shall be considered necessary in the judgment of two of the three gentlemen here specified, viz. Benjamin E. Bates and Josiah Bardwell, both of Boston, in the county of Suffolk, and William Dwight, of Brookline, in the county of Norfolk, to change any or all of the said investments, in which case the said Josiah Bardwell shall act in accordance with such decision by them at any time made. And it is my will that at the death of my daughter Louisa this her said portion of my estate shall be equally divided between her two children, Annie Louisa Field and Eleanor G. Whitney, the same to be held in trust for them by the said Josiah Bardwell, and the

income thereof to be paid them semiannually during their life; and should either or both of the said children decease without legal issue, then it is my will that the said portion of my estate above bequeathed to such child or children shall be divided in equal shares among my immediate surviving children.

" Also, one of the said portions shall be given to my son, William D. Goddard, to have and to hold, and to dispose of the same, together with all other property that may accrue to him under the provisions of this will; but if he should die intestate and without legal issue, it is my will that his said portion of my estate shall be equally divided among his immediate surviving brother and sisters."

The remaining portions were given, one to his daughter Julia, and one to his son Maurice, on the same terms as those of the gift to William D.

" Sixth. It is my will that, if either or any of my children above specified, viz. Louisa Whitney, William D. Goddard, Julia Goddard, and Maurice Goddard, should decease without legal issue during the space of five years after my death, then all that portion of the principal of my estate bequeathed to such child or children shall be added in equal shares to the portions of such of my immediate children who may be living at the expiration of the five years aforesaid."

The plaintiff was appointed trustee under the will, in place of Josiah Bardwell, who declined the trust, and who, together with Benjamin E. Bates and William Dwight, died without action under the will after it was allowed. The plaintiff received the portion of the estate put in trust for the benefit of Louisa Whitney and her children. William D. Goddard died intestate and without issue before the testator, and the portion of the estate which would otherwise have belonged to him was divided in accordance with the decree of this court (see *Goddard* v. *May*, 109 Mass. 468), and one third of the same was paid over to the plaintiff, and managed by him for the benefit of Louisa Whitney, in connection with the other portion of the estate given for her benefit, for five years after the death of the testator.

The testator died in 1871, leaving his wife surviving him, and as his heirs, his children Louisa, Julia, and Maurice, and his granddaughter Eleanor G. May, only child of Eleanor L. May,

a deceased daughter. Louisa died on May 13, 1882, leaving a husband, Josiah D. Whitney, and the two daughters named in the fifth clause, Annie Louisa Field, the wife of Henry L. Field, and Eleanor G., wife of Thomas Allen. Eleanor G. died, intestate, on May 14, 1882, leaving a daughter named Eleanor G. Allen, who was born on April 18, 1882.

The questions raised by the bill were as follows:

First. Whether the one third of the portion given to William D. Goddard by the will, and paid and delivered to the plaintiff, as above stated, was to be held in trust, and subject to the provisions which applied to the other portion of the estate given in trust under the fifth clause, or whether, at the expiration of the five years, it became the absolute property of Mrs. Whitney, discharged of all trust.

Second. Whether the trust was terminated in whole or in part by the death of Mrs. Allen, leaving issue; and, if so, to whom it was to be paid.

After the bill was filed, Maurice Goddard and Mehitable M. Goddard, the widow of the testator, both died; and Julia Goddard, who was appointed trustee under the will, and also executrix of the will of Maurice, and administratrix *de bonis non* of the estate of Mehitable M. Goddard, was allowed to prosecute the suit, and also to appear as a party defendant.

*H. G. Allen*, for Josiah D. Whitney.

*H. S. Dewey*, for Annie L. Field.

*J. F. Colby*, for Thomas Allen.

*C. W. Turner*, for Eleanor G. Allen.

*W. E. L. Dillaway*, for Julia Goddard.

DEVENS, J. The will concerning which instructions are asked has been once before this court. *Goddard* v. *May*, 109 Mass. 468. William D. Goddard having died during the lifetime of his father, it was necessary then to determine whether the legacies of principal and income of the share directed to be set apart for him had lapsed by his death without issue and intestate in the lifetime of the testator, there being in that event an unconditional gift over. It was there decided that the words "his share," and "his portion," found in the will, referred to the share of the estate set apart for him, but did not show any intent to make the vesting of an interest in him a condition of

the gift over; that the sixth clause was not inserted with a view to the limitation over; and that the share of William D. Goddard should be retained undivided, except for the purpose of distributing the income to the surviving brother and sisters, until the expiration of five years from the testator's death, during which time the principal of the estate was to remain undivided. It was further said that, when the distribution shall take place, one third of this share will be added to each of the shares of the brother and sisters.

When this decision was made, the five years had not expired, and it was not necessary to decide, nor was it by this language decided, whether the portion of the estate coming to Mrs. Whitney by reason of the death of her brother should be taken by her absolutely, or whether it should be added to the trust estate created on her behalf and that of her children, and be thus held and administered.

The fourth clause, which relates to the disposition of the income, provides that Mrs. Whitney's share, in case of her death, together with all that may have accrued, is to be paid to her daughters, whom it names. The fifth clause places her share of the principal in trust, and provides for the division of it between her daughters at her decease, the income being paid to them during life. The sixth directs that, if either child shall decease during the five years, that portion of his estate bequeathed to such child " shall be added " in equal shares to the portions of such of my immediate children who may be living at the expiration of the " five years aforesaid." The fourth and fifth clauses show fully an intention that the husband shall not participate in the income or principal of the estate which Mrs. Whitney received. By the sixth clause, if the death of William D. Goddard had occurred after that of his father, as such share of his interest as Mrs. Whitney might have received was to be added, by the terms of the clause, to her portion, this addition would have been to the portion described in the fifth clause, which was a portion in trust. By the first clause, also, had Mrs. Whitney died subsequently to the death of her mother, such share as she might have received from her mother's estate would not have been received absolutely, but added to that portion which was held in trust. The language, that, at the mother's death, her " said

estate shall be divided equally among her immediate surviving children, according to the provisions hereinafter named with regard to their portions of the rest of my estate," allows no other interpretation.

When, therefore, the testator, in the fifth clause, referring to the portion of William D. Goddard, and to the contingency of his dying intestate and without issue, provides " that his said portion of my estate shall be equally divided among his immediate surviving brother and sisters," the intention of the testator, revealed throughout the will, compels us to hold that this division is to be made by addition to the portions elsewhere given to such surviving children, and upon the same terms as those upon which such portions are given.   Where a testator, in the entire structure of his will, has revealed an intention, the language of individual clauses is always to be construed with reference to that intention, even if, in another instance or another connection, it might properly receive a different construction.   *Weston* v. *Weston*, 125 Mass. 268.   *Metcalf* v. *Framingham Parish*, 128 Mass. 370, 374.   *Bradlee* v. *Andrews*, 137 Mass. 50.

Assuming that the property derived from the share of William D. Goddard is to be added to and form a part of the share of Mrs. Whitney, we are to consider what disposition is now to be made of it, and who is entitled thereto, Mrs. Whitney having deceased after the expiration of the five years, and her daughter, Mrs. Allen (spoken of in the will as Eleanor G. Whitney), having died subsequently to the decease of her mother, leaving herself a daughter, Eleanor G. Allen.   Mrs. Allen's husband, Thomas Allen, was also living at her decease, and is still living.

The part of the fifth clause relating to the final disposition of the trust property held for the benefit of Mrs. Whitney during her life, and of which she was to have the income, provides that at her death " her said portion of my estate shall be equally divided between her two children, Annie Louisa Field and Eleanor G. Whitney, the same to be held in trust for them by the said Josiah Bardwell, and the income thereof to be paid them semiannually during their life ; and should either or both of the said children decease without legal issue, then it is my will that the said portion of my estate above bequeathed to such child or

children shall be divided in equal shares among my immediate surviving children."

This clause certainly attempts to provide for all contingencies, and to make a complete disposition of the portion of the testator's estate appropriated to Mrs. Whitney. The final vesting of personal property (and Mrs. Whitney's portion consisted both of personal and real estate) may, by means of an express trust, be postponed, as in executory devises of real estate; and there can be no objection, if the ultimate disposition of the property is not postponed, in any contingency, for a period beyond lives in being, and twenty-one years thereafter. *Sears* v. *Russell*, 8 Gray, 86. *Fosdick* v. *Fosdick*, 6 Allen, 41. *Loring* v. *Blake*, 98 Mass. 253. *Otis* v. *McLellan*, 13 Allen, 339. *Hooper* v. *Bradbury*, 133 Mass. 303.

Mrs. Whitney had only an equitable estate for life. She had no power to say who should take after her, and those who were thus to take are distinctly named. Had there been, at the time the will became operative, other children, or had there been such subsequently born, they could have had no benefit under this clause. The rights of Mrs. Field and Mrs. Allen are directly derived from the will, and they take thereunder as purchasers.

The remaining questions raised by the bill for instructions will be determined by considering what was the character of the estate taken by the two daughters of Mrs. Whitney, respectively. Did they have equitable estates for life only in the trust property, or such estates of inheritance therein that, when Eleanor G. Whitney (Mrs. Allen) deceased leaving lawful issue, the trust was terminated as to one half the property, and is such portion now to be treated as her intestate property, to be disposed of according to the rules of descent and distribution? The language of the will immediately relating to this point we have already quoted.

Although a contingency existed, on the occurrence of which there was a devise over of the property, the expressions which show that the two granddaughters are to take more than equitable estates for life in the trust property are very strong. Thus, it is provided that Mrs. Whitney's share " shall be equally divided" between them, and the trust property is spoken of as " above bequeathed to such child or children."

The rule of the common law, that, in a deed or conveyance *inter vivos*, the omission of the words "heirs or assigns" indicates an intention to convey only a life estate, does not ordinarily apply to devises.  Our statute also has provided that "every devise shall be construed to convey all the estate which the testator could lawfully devise in the lands mentioned, unless it clearly appears by the will that he intended to convey a less estate."  Pub. Sts. *c.* 127, § 24.  *Gleason* v. *Fayerweather*, 4 Gray, 348.  While, in terms, the testator provides for the death of his granddaughters without issue, by the bequest of this portion in such case to his immediate surviving children, he does not expressly provide for the contingency which has occurred, namely, the death of one of them leaving issue.  But that which the testator gave is not to be construed as less than an estate of inheritance, because in a certain contingency it might be determined.  The devise over, in case either of the granddaughters dies without legal issue, necessarily implies that, if she die leaving issue, an estate of inheritance is devised to her.  If the clause by which it was ordered that the estate should be equally divided between the two granddaughters, the income being paid to each for life, could otherwise be construed as giving only an estate for life, the effect of the limitation over to her legal issue would be to enlarge it.  *Hayward* v. *Howe*, 12 Gray, 49.  *Parker* v. *Parker*, 5 Met. 134.

It is contended that the manifest purpose of the testator was not merely to prevent the husband of Mrs. Whitney, but also the husband of either of her daughters, from any participation in his estate, and to keep it in his immediate family.  If so, he has certainly failed to express such purpose, as it is only in case of "decease without issue" that he has shown any intention that the share bequeathed to either of his granddaughters named shall be disposed of by a devise over to his then surviving children.  Mrs. Allen's share was indeed to be kept in trust during her lifetime, but this is not inconsistent with holding that she was equitably the owner of the property.  Trusts are subject to the same rules of descent, and are deemed capable of the same limitations, as legal estates.  Whatever would be deemed the rule of law if it were a legal estate, is applied in equity to a trust estate.  *Burgess* v. *Wheate*, 1 W. Bl. 123, 160.  *Loring* v. *Eliot*, 16

Gray, 568. Although the rule in *Shelley's case* is not in force in this State, the words used in the devise do not operate to make the issue of Mrs. Allen purchasers under the will, but only to enlarge the estate conferred on her. *Hayward* v. *Howe, ubi supra.*

We do not perceive that the case as now presented requires us to determine whether the words "decease without issue" refer to an indefinite or to a definite failure of issue, — a question often difficult to decide in the construction of wills. In either case the result is the same, so far as the present disposition of the property, which consists of both personalty and realty, is concerned.

If the words are construed as meaning a definite failure of issue, while the ultimate limitation was a valid devise at the decease of Mrs. Allen, the contingency upon which it depends has not occurred, and cannot occur. *Hooper* v. *Bradbury, ubi supra.* The property is to be treated as her intestate property. The personalty will pass to her administrator, and, by the law which prevailed at the time of the decease of Mrs. Allen, the husband will be entitled to the whole thereof, after payment of debts and expenses. Pub. Sts. *c.* 135, § 3, *cl.* 3. In the real estate he will be entitled to his tenancy by the curtesy.

If the words "decease without issue" are construed as meaning an indefinite failure of issue, the ultimate limitation over would be void as to the personalty, Mrs. Allen would take a complete equitable title thereto, and it would now pass to her administrator. In the realty she would take an equitable estate tail, of which her daughter would now be the tenant, and the devise over would be of a remainder after an estate tail. *Allen* v. *Ashley School Fund,* 102 Mass. 262. *Hall* v. *Priest,* 6 Gray, 18. *Albee* v. *Carpenter,* 12 Cush. 382. But an estate tail being one of inheritance, and the wife having been seised, the husband is entitled to his curtesy therein. Pub. Sts. *c.* 124, § 1. Co. Lit. 30 a. 2 Bl. Com. 126. *Loring* v. *Eliot,* 16 Gray, 573.

*Decree accordingly.*