## THEODORE H. RAYMOND, PETITIONER.

Middlesex, June, 1906.

*Will — Devise — Vested Remainder Subject to being Devested — Estate Tail — Determinable Fee — Executory Devise.*

In this case title to the greater part of the land involved comes under the will of one James H. Thayer, late of Cambridge, probated April 26, 1881, wherein it was devised to his wife for life and upon her death to his son Farwell J. Thayer " to have and to hold to him, his heirs and assigns. But if said son shall leave no child or children surviving him, then upon his decease I give and devise the same to my daughter to have and to hold to her, her heirs and assigns."

Various constructions of this will are suggested by the Examiner. The testator's widow is now deceased. The son Farwell J., is living and has a son Farwell E. The daughter, Martha Ann Dillman, survived her father, and then died leaving several children. Both Mrs. Dillman in her life time, and after her death her children, and also Farwell E., the only child of the said Farwell J., have successively deeded all interest in this estate to the said Farwell J., under whom the petitioner now claims title.

The first suggestion is that the devise was a devise in fee simple absolute to Farwell J. Thayer, and that the succeeding phraseology constituted merely an invalid attempt to control its disposition. If this construction is adopted, then title is in the petitioner under his deed from said Farwell J.

In Hill *v.* Bacon, 106 Mass. 578 the testatrix devised to

her husband for life and upon his decease to her children, and if on the death of the husband either of the children had deceased leaving issue, " such issue shall take their parent's portion." The Court held in a five line opinion that the children took a vested remainder in fee simple absolute. This decision has not been followed, however. It was cited in Kimball v. Tilton, 118 Mass. 311 where the only question necessary to the decision was whether the interest was a vested one, not whether, though vested, it might not later have become devested, a proposition which the court declined to discuss. The same thing was true in the two cases on which in Hill v. Bacon the Court relied for its decision, namely: Pike v. Stevenson, 99 Mass. 188, and White v. Curtis, 12 Gray, 54. In the only other case in which Hill v. Bacon has been cited, it is to the proposition that the remainder while vested in interest is nevertheless subject to be devested in case of death before the life tenant, which is precisely the contrary of what Hill v. Bacon actually decided. Shaw v. Eckley, 169 Mass. 119, 122. The inconsistency obviously existing between Hill v. Bacon and other decisions was clearly presented to the Court by the learned counsel for the appellee in his brief in Dodd v. Winship, but the Court made no reference to Hill v. Bacon in its opinion, though deciding that in the case then before it a devise at the death of the life tenant " to and among any children, but if any child be then deceased leaving issue," to such issue, constituted a remainder in the children, vested in interest though not in possession, but liable to be devested and defeated by death before the life tenant leaving issue, who would then take as substituted devisees. Dodd v. Winship, 144 Mass. 461.

The policy of the law is rather to give some effect to all of the language of the will than to cut any of it out as being repugnant or invalid. The rules for interpretation are rules of construction not rules of substantive law, and the inten-

tion of the testator if it can be gathered will be given effect, even though similar phraseology may have in other cases been given a directly opposite construction. Goddard *v.* Whitney, 140 Mass. 92, 98; Heard *v.* Read, 169 Mass. 216, 223; Shattuck *v.* Balcom, 170 Mass. 245, 251; Crapo *v.* Price, 190 Mass. 317. In the case at bar the testator clearly intended a devise over on the death of Farwell J. " leaving no children surviving him." This is wholly repugnant to the theory of a fee simple absolute in the said Farwell J.

The Examiner's next suggestion is that the will may be construed as a devise to Farwell J. in fee tail. " When by one clause in a will an estate for life or an estate in fee is given by plain words, but it appears in other parts of the will, by express words or by implication, that it was the intent of the testator in such devise that the issue of the devisee should take the estate in succession after him, then the life estate is enlarged in the one case, and the estate in fee is reduced in the other, to an estate tail." Nightingale *v.* Burrell, 15 Pick. 104, 112; See also Wheatland *v.* Dodge, 10 Met. 502; Gilkie *v.* Marsh, 186 Mass. 336; and Crocker, Notes on Common Forms pages 470-475, where the cases are fully cited and discussed. If this be construed as a devise of an estate tail, then the entail has been barred and title is in the petitioner. I am of opinion, however, that such a construction cannot be given to the devise. This is not a provision made in case of the devisee dying " without lawful issue " or " without lawful heirs," or " without children " or " leaving no children," which could be construed as " leaving no issue," or fairly import a general failure of issue. Moreover the devisee had a child then living (Farwell E. Thayer) and expressly provided for by the testator in this will. Provision is carefully and expressly limited to the case of Farwell J. leaving no child or children " surviving him." The testator was taking care of his descendants then living and known to him. To construe this as a

fee tail would result in defeating instead of furthering the manifest intent of the testator.

Another suggestion is that of a devise to Farwell J. for life with contingent remainders to such children as may survive him (an as yet unascertained class) and vested remainder thereunder in Martha Dillman. Such a construction would, however, necessitate reading into the will a devise to the children surviving Farwell J. There is no such devise in terms and none even implied otherwise than by inference from the mere fact that if Farwell J. " shall leave no child or children surviving him " the estate shall then upon his decease go to Mrs. Dillman. What the testator really intended by this provision seems to be very clearly illustrated by Chief Justice Shaw in the course of his opinion in Nightingale v. Burrell. " The difficulty, therefore, in determining whether a contingent devise is an executory devise or a remainder, usually arises where there is a plain devise in fee in one clause, and afterwards, a gift over upon the contingency of the first devisee dying without issue. If the implication from such description of the contingency taken together is, that in the event described it was the intention and expectation of the testator, that the issue should take in succession, then the fee first created is reduced to an estate tail, the tenant in tail may suffer a recovery and bar all remainders, and the gift over cannot take effect as an executory devise, both because it may take effect as a contingent remainder, and because it might not vest within the time limited for the vesting of the estate under an executory devise. But if properly described, the event of a person's dying without leaving issue surviving or not, is a contingency, upon which an executory devise may be limited over, as well as the happening of any other event. And there may be very good reasons why a testator should select this event, as one, upon the happening of which, or not, the estate should remain absolute in the first devisee, or go over to

some secondary object of the testator's bounty. He may properly consider, that if the devisee, a son for instance, the first object of his bounty, has children, who survive him, he shall have the estate absolutely, to enable him to provide for such children, but leaving it to his discretion, whether he will transmit the estate to them, or make any other disposition of it, as he, such first devisee, may determine. But if such first devisee should leave no children to be provided for, the testator might well determine to adopt his own mode of disposing of the estate, and direct it in that event to vest in some other person. If, therefore, the description of this contingency is such as not to raise any implication, that it is the intent of the testator that the issue are to take the estate as children and heirs of the parent, then the estate limited over is a good executory devise; the first devisee has an estate in fee, determinable upon the happening of the contingency, but otherwise absolute." Nightingale v. Burrell, 15 Pick. 104, 112; see also Richardson v. Noyes, 2 Mass. 56; Blanchard v. Blanchard, 1 Allen, 223; Brightman v. Brightman, 100 Mass. 238; Gilkie v. Marsh, 186 Mass. 336.

The Examiner's chief difficulty seems to be an assumption that if this will be construed, as he evidently thinks it should be, as creating an estate in fee in Farwell J. Thayer determinable, however, upon his dying without surviving children, with an executory devise in that event to Mrs. Dillman, then the executory devise was not alienable. While this was true at common law, it is now fully covered by statute, R. L., Chap. 134, Sec. 2. The Examiner is apparently misled by the provision in the statute "may sell the land subject to the contingency." The "contingency" referred to is merely the contingency as to whether the grantor's estate will ever vest in possession or, in other words, whether the purchaser will ever get anything substantial. It is not a contingency upon the happening of which the

grantor is dependent for title. Her estate was fully vested in interest, though not in possession, and her deed conveyed it. This matter was fully considered and the cases cited in McManus, Petitioner, Land Court Decisions, p. 85, *ante.*

Decree for the petitioner.