EDGAR K. WHITTAKER *vs.* JAMES B. WHITTAKER & others.

A daughter, who took under her father's will an estate tail in remainder after the life estate of her mother in part of his real estate, conveyed, in her mother's lifetime, in 1830, by an antenuptial settlement, " the share or portion" which she was " entitled to receive out of the estate of her father," in trust, for the trustee " to claim, receive and take [into] possession, as soon as practicable and it shall be lawful to do so, all her share and portion aforesaid. whether said share and portion consists of real, personal or mixed property," and hold the same to certain uses, reserving to herself power to appoint other uses, " notwithstanding her coverture, by any writing under her hand and seal." In 1850, after the death of her mother, she appointed other uses by such a deed without the joinder of her husband; and a few days later joined with him in an indenture, by which the former trustee conveyed to a new trustee the trust estate, but which contained no words of grant or covenant on her part; and shortly afterwards died. *Held*, that none of these deeds barred the entail; and that her life interest only in the real estate was held in trust under them.

PETITION by the husband of Catharine C. Whittaker for the appointment of a trustee in the place of Silas F. Plimpton, deceased, in a trust raised by the marriage settlement, and deeds supplemental thereto, of said Catharine, who died on April 22, 1850, leaving several children, who were cited as respondents. The case was submitted for the decision of the full court on agreed facts, of which those that are material either appear in the opinion or are as follows :

The parties to the marriage settlement, which was executed on October 26, 1830, were the petitioner, and said Catharine, (then Catharine C. Holland, daughter of John Holland, then deceased,) and Benjamin Goddard; and the instrument, after reciting that marriage was intended between the petitioner and said Catharine, and that the latter was the owner of certain property, " being the share or portion which she is entitled to receive out of the estate of her father" under his will dated August 23, 1822, " which share or portion she is entitled to receive and become possessed of either at the arrival at full age of her youngest brother, or at the death of her mother," conveyed to Goddard and his successors in the trust " all the said Catharine's share and portion of the estate of the late John Holland, whether said share and portion consists of real, personal, or mixed property," in trust " for said trustee to claim, receive and

take [into] possession, as soon as practicable and it shall be lawful so to do, all said Catharine's share and portion aforesaid," and hold the same to certain uses ; and it was further " agreed and declared that it shall and may be lawful to and for the said Catharine, party to these presents, at any time during her natural life, and notwithstanding her coverture, by any writing or writings under her hand and seal," " to alter, change, revoke, annul and make void all and every the use and uses, estate and estates, hereby limited, appointed and declared, and any other use or uses, trust or trusts, estate or estates thereof, to limit, appoint and declare, as to her, the said Catharine, shall seem meet."

In execution of the power reserved, Mrs. Whittaker, by a writing executed under her hand and seal on March 21, 1850, without joinder of her husband, appointed other uses to which the property should thenceforth be held by the trustee. Her mother had died on July 12, 1849.

On April 2, 1850, by an indenture to which both Mrs. Whittaker and her husband, and Isaac Mansfield, the then trustee, (who on June 3, 1832, had succeeded Goddard as such,) were parties with Silas F. Plimpton, Mansfield relinquished the trust, and conveyed the trust estate to Plimpton as his successor. This indenture contained no words of covenant or grant from Mrs. Whittaker.

*C. T. Russell*, for the petitioner.

*H. C. Hutchins*, for the respondents.

FOSTER, J. The question is, whether any property remains to be administered under the antenuptial settlement between Mr. and Mrs. Whittaker, dated October 26, 1830, so that a trustee ought to be appointed pursuant to the provisions of that instrument.

The property embraced therein is the share or portion of Mrs. Whittaker in the estate of her father, John Holland, under his will dated August 23, 1822, " which share or portion she is entitled to receive or become possessed of, either at the arrival at full age of her youngest brother, or at the decease of her mother." It is agreed that the mother died July 12, 1849 ; and that the only property remaining to be affected by the marriage settle-

ment is one fifth of a warehouse on Long Wharf in Boston Mrs. Whittaker herself died April 22, 1850.

The will of John Holland has twice received the construction of this court. *Adams* v. *Cruft,* 14 Pick. 16. *Holland* v. *Cruft,* 3 Gray, 162. It has been held that Mrs. Whittaker took during the life of her mother an estate tail in remainder in one fifth of the real estate of John Holland. It has been likewise decided that, during the continuance of the life estate of Mrs. Holland, Mrs. Whittaker could not bar this entail ; because only a tenant in tail in possession, and not one in remainder, could execute a deed effectual for this purpose, under the St. of 1791, *c.* 60, § 1. *Holland* v. *Cruft,* 3 Gray, 182. So far, there is no controversy between the parties as to the legal principles applicable to the case.

But the petitioner contends that Mrs. Whittaker did bar the entail, and that consequently the remainder after her death became subject to the provisions of the marriage settlement. He relies upon the effect of the successive instruments which she executed. They will be considered in their order.

It is claimed that the marriage settlement, upon the death of Mrs. Holland, " operated by estoppel to vest the estate in fee in the then trustee, and to bar the entail." We are aware of no authority for the position that a deed which, when made, does not bar an entail, can afterwards do so by estoppel. The conveyance by a tenant in tail which the statute of 1791 provided should have that effect was a substitute for a common recovery. It passes more than the grantor's own title ; for it cuts off the rights of subsequent parties in interest. This is done by virtue of the statute, and not by estoppel. Furthermore, the marriage settlement contains no covenants which could operate to create an estoppel, and conveys only the share or portion of Catharine Holland, afterwards Mrs. Whittaker, in her father's estate. We discover no evidence of an intention thereby to bar the entail. The words of description used must be construed with reference to the extent of the grantor's power to convey. She was not then competent to bar the entail, and we cannot infer that she intended to do so.

The next instrument relied upon is dated March 21, 1850, and was executed by Mrs. Whittaker alone, without the joinder of her husband. It manifests no intention to cut off the entail; and was valid merely as an execution of the power reserved in the settlement. A married woman whose common law deed was wholly void and ineffectual to convey her own estate could not, of course, without her husband, bar an entail and defeat his possible or actual tenancy by the curtesy in the entailed estate. Obviously, the instrument was made for no such purpose, and could have no such effect.

The indenture of April 2, 1850, is only a conveyance from Mansfield, the former trustee, to Plimpton, his successor in the trust. It does not purport to enlarge or change the trust property, but simply substitutes one trustee for another. It contains no words of grant or covenant from Mrs. Whittaker.

It seems to us that no attempt was made by Mrs. Whittaker in her life to bar this entail; certainly that it has never been done effectually. The consequence is, that her life interest only in the real estate was held in trust, and that since her death there remains no property to pass under the settlement to a new trustee. *Petition dismissed.*