## JAMES G. ALLEN, administrator, *vs.* TRUSTEES OF ASHLEY SCHOOL FUND & others.

A testator devised to his widow the use and improvement of one third part of his real estate for life; and the remainder to his children, to be equally divided between them; and, if both children should die without leaving any heirs of the body, then over in fee. *Held*, that the children took estates tail, subject to the life estate of the widow, with cross remainders from each child to the other; and that the devise over was of a remainder, and not an executory devise.

A tenant in tail in remainder cannot by a warranty deed pass any estate, by way either of grant or of estoppel.

If an administrator sells land by license of court, to pay debts of his intestate, after recovering it by a writ of entry from one to whom the intestate conveyed it in fraud of his creditors but for a valuable consideration, a surplus of the proceeds, remaining after paying the debts, belongs to the fraudulent grantee as against the heirs of the intestate.

A decree of the probate court, unappealed from, granting license to sell all the real estate of an intestate, upon the petition of the administrator representing that a sale of some part of it is necessary to pay the debts, and that by a partial sale the residue will be greatly injured, is conclusive on the question whether a sufficient part of the land may be sold without injuring the residue. .

A creditor whose claim against the estate of a deceased person is barred by the special statute of limitations against executors and administrators, (Gen. Sts. *c.* 97, § 5,) and who has not filed a bill in equity under the St. of 1861, *c.* 174, § 2, cannot be heard to claim as a creditor, in any matter touching the settlement of the estate.

BILL IN EQUITY in the nature of a bill of interpleader, filed by the administrator of the estate of Enoch Leonard, to obtain instructions as to the distribution of a balance of money derived from the sale of real estate under license of the probate court, and remaining in the plaintiff's hands after paying the debts of the deceased and the charges of administration. The case was reported by the chief justice for the determination of the full court, and is stated in the opinion.

*C. A. Winchester,* for the trustees.

*A. L. Soule,* for Wyman.

*N. A. Leonard,* for Rosa Leonard.

*H. Morris,* (*W. L. Smith* with him,) for the heirs at law.

GRAY, J.* The decision of this case depends upon the application of well settled principles of law to complicated facts, some of which only have been agreed by the parties or found by the report, and the rest of which must therefore be ascertained by a master before a final decree can be entered.

Timothy C. Leonard, who died in 1829, by his will, after devising to his widow the use and improvement of one third part of his real estate for life, made the following residuary devise and bequest: " I give, bequeath and devise to my two children, Helena Maria and Enoch, all the remainder of my estate, both real and personal, to be equally divided between them. And if either of my said children should die before arriving at the age of twenty-one years, then it is my will that the survivor should

* WELLS, J., did not sit in this case.

have the whole of my estate, both real and personal, excepting what may have been necessarily expended in the support and education of the one who shall decease. And if both of my said children shall die under the age of twenty-one years, or after that period without leaving any heir or heirs of his or her body, lawfully begotten, I then give and devise the same to the Trustees of the Ashley School Fund, to have and to hold the same, to them and their successors forever." Neither of the children died before arriving at the age of twenty-one years. The only question therefore arising under the will is upon the construction of the last clause, containing a devise over in case of the death of both after that period, " without leaving any heir or heirs of his or her body, lawfully begotten."

It is too well settled in this Commonwealth, to require a restatement of the argument or the authorities in support of the result, that, after a devise of real estate in fee, a devise over in case the first devisee shall die " without leaving issue,". or " without leaving heirs of the body," looks to an indefinite failure of issue, and therefore cannot take effect as an executory devise, but the first devise in fee is cut down by the subsequent devise to an estate tail, and the subsequent devisee takes an estate in remainder. The same rule of construction applies where the first devise is to two persons, and the devise over, in case of the death of either, leaving no issue, is not to the survivor, but to a stranger. *Nightingale* v. *Burrell*, 15 Pick. 104. *Parker* v. *Parker*, 5 Met. 134. *Weld* v. *Williams*, 13 Met. 486. *Hall* v. *Priest*, 6 Gray, 18. *Brightman* v. *Brightman*, 100 Mass. 238. *Abbott* v. *Essex Co.* 2 Curtis C. C. 126; *S. C.* 18 How. 202.

The two children of this testator therefore took under the will an estate tail in possession in two thirds of the real estate, and an estate tail in remainder in the other third, to become an estate tail in possession upon the death of the widow, and the devise over in fee to the Trustees of the Ashley School Fund was of an estate in remainder, and not an executory devise. By a partition made in the probate court in 1832, all the real estate of the testator was divided, and one third set off to the widow, the daughter and the son, respectively in severalty. After that par-

tition, the son and the daughter held each one third as tenan⁺ in tail in severalty, and were tenants in common in remainder of the one third set off to the widow, with cross remainders from each child to the other.

By the law of this Commonwealth, an estate tail may be barred by the deed, either of warranty or quitclaim, or taken for the debts, either upon execution during life or sale by license of court after death, of the tenant in tail in possession, but not of a tenant in tail in remainder.    Gen. Sts. *c.* 89, §§ 4, 8; *c.* 90, § 36 *Holland* v. *Cruft*, 3 Gray, 162.    *Whittaker* v. *Whittaker*, 99 Mass. 364.

In 1851, Helena Maria Leonard executed to Enoch Leonard a quitclaim deed of her right and title under the will of her father in certain real estate, and also of her right, title and interest in the land set off to her mother.    The extent of the first grant and the date of the mother's death are controverted facts, which must be ascertained by reference to a master.    This deed barred the entail in so much of the estate as it purports to convey, and of which she was then tenant in tail in possession.

In 1860, Enoch Leonard conveyed by deed of warranty to John O. Wyman a large tract of land, part of which had been part of his father's estate at the time of his death, and the rest had been purchased by himself from a stranger.    This deed conveyed the land so purchased by him, and barred the entail in that part of the land conveyed of which he was tenant in tail in possession under his father's will ; but could not operate, either by way of grant or of estoppel, to bar an estate in remainder expectant upon the estate tail, and derived from an independent title under the will.    *Whittaker* v. *Whittaker*, above cited.    The extent of this bar is therefore affected by the question whether his mother and sister, or either of them, was living at the time of his deed.    The precise date of the sister's death is not agreed, and must be ascertained by the master.    But it is admitted that she died without issue, and before her brother.

The conveyance by Enoch to Wyman is found to have been made for a valuable, though inadequate consideration, but is admitted to have been fraudulent and void as against Enoch's creditors.

Enoch Leonard died in 1865, intestate and without issue There being debts against his estate exceeding the amount of personal property by about $1750, (a large part of which was contracted before his conveyance to Wyman,) the plaintiff, as administrator of his estate, upon a petition representing these facts, and after due notice, obtained a license from the probate court to sell the whole real estate of the deceased. The petition of the administrator and the decree of the probate court both state that the personal estate was insufficient to pay the debts, that it was necessary for that purpose to sell some part of the real estate, that by a partial sale thereof the residue would be greatly injured, and that the whole should therefore be sold. The evidence introduced upon the hearing of the present case to show that a sufficient part of the land might have been sold without injury to the residue was wholly incompetent; for the decree of the judge of probate, unappealed from, was conclusive upon that question. Gen. Sts. *c.* 102, §§ 4, 5. *Leverett* v. *Harris,* 7 Mass. 292. *Perkins* v. *Fairfield,* 11 Mass. 227. *Heath* v. *Wells,* 5 Pick. 144, 145. *Sewall* v. *Raymond,* 7 Met. 454.

The administrator, after obtaining that license, entered upon the land conveyed to Wyman, brought a writ of entry against him, recovered judgment and possession of the land, sold the same under his license, and, after paying debts and charges of administration, settled his account in the probate court, by which it appeared that a balance of $5732.47 remained in his hands for final distribution. This bill in equity is brought for the instructions of this court as to the distribution of this fund, against the heirs of Enoch Leonard, the Trustees of the Ashley School Fund, John O. Wyman, and Rosa Leonard, a creditor of Enoch's estate, whose debt by mistake was not paid by the administrator before it had been barred by the special statute of limitations. Gen Sts. *c.* 97, § 5. All these parties have appeared and answered and been heard in support of their respective claims.

The conveyance of Enoch Leonard to John O. Wyman, though fraudulent as against creditors and voidable by them or by the grantor's administrator as representing them, was valid as against the grantor and the heirs. *Drinkwater* v. *Drinkwater*

4 Mass. 354.    *Yeomans* v. *Brown*, 8 Met. 57.  Neither the heirs
nor the remainderman can impeach it for inadequacy of con-
sideration.    The real estate having been conveyed in fraud of
creditors and duly recovered and sold by the administrator, the
proceeds were assets for the benefit of creditors.   Gen. Sts. *c.* 102,
§§ 11, 12.    *Norton* v. *Norton*, 5 Cush. 524.    *Bowdoin* v. *Holland,*
10 Cush. 17.    But after the debts and charges of administration
have been paid and satisfied, the conversion of the real estate
into money for that purpose by the act of the law does not affect
the title of other parties in the residue.   Gen. Sts. *c.* 102, § 6.
*Holland* v. *Cruft*, 3 Gray, 179–181.    Enoch Leonard's heirs have
therefore no title or interest in that residue of the proceeds of
the real estate.

The conveyance of Enoch Leonard to Wyman was valid to
bar the entail and cut off the estate in remainder of the Trustees
of the Ashley School Fund under the devise of Timothy C.
Leonard, so far, and so far only, as the grantor at the time of the
conveyance was tenant in tail in possession.    As to so much as
he was only tenant in tail in remainder of, dependent upon the
life of his mother or sister, his conveyance was ineffectual to bar
the entail or defeat the remainder over.    The estate of the Trus-
tees of the Ashley School Fund in the land was subject to be
defeated by an alienation by, or appropriation to the payment
of the debts of, a tenant in tail in possession.    The whole estate
was duly seized and sold, according to law, for the payment of
the debts of Enoch Leonard as such tenant in tail.    But after
payment of the debts and charges, the residue remaining must
be divided among those who would have been entitled to the
estate itself before its conversion into money; that is to say, the
proceeds of that part which never belonged to Timothy C.
Leonard, but was purchased by Enoch Leonard himself from
a stranger, as well as that part of the land devised from Timo-
thy C. Leonard, in which the entail had been duly barred by
the deeds of Helena or of Enoch, will go to the grantee, Wyman,
absolutely; and so much of the proceeds as is derived from that
part of the estate devised by Timothy C. Leonard, in which the
estate tail has not been barred, will go to the remaindermen, the
Trustees of the Ashley School Fund.

Rosa Leonard, not having availed herself of the only lega. remedy to avoid the bar of the special statute of limitations namely, by herself bringing a bill in equity against the administrator under the St. of 1861, *c.* 174, § 2, cannot claim any portion of the fund. *Bradford* v. *Forbes*, 9 Allen, 367.

The case is to be referred to a master to ascertain and report the dates of the deaths of the widow and daughter of Timothy C. Leonard; and the proportions in value, which so much of the daughter's estate as was not conveyed by her to her brother, and so much of the land as was acquired by him otherwise than under her deed or the will of their father, if any, included in the real estate recovered and sold by the plaintiff as the son's administrator, bear to the residue of the estate so recovered and sold; and all further directions are reserved until the coming in of the master's report. *Decree accordingly.*