WILLIAM J. WILSON & another *vs.* DANIEL A. O'CONNELL & another.

SAME *vs.* DUDLEY A. DORR.

Suffolk.　March 26, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Devise and Legacy — Estate for Life — Remainder in Tail — Deed.*

A testator devised one third of his real estate to his daughter "to be enjoyed by her and her husband, should she marry, as long as she lives; become the property of her children, if any, at her decease; and, should she leave no issue, pass immediately at her decease to my heirs at law, without any part, even tenancy by curtesy, remaining in her husband; and should all issue of her die without

issue, their estate shall descend to my heirs at law, this provision comprising only what may come to them through their mother, my daughter." _Held,_ that the daughter took an estate for life only, and that, even if her children took a remainder in tail, her deed could not bar the entail.

Two APPEALS from a decree of the Probate Court, allowing a petition, filed June 8, 1886, by William J. Wilson and Ellen M. Wilson, praying for the payment to them of one third of the net proceeds of a sale by partition commissioners of real estate, the property at his decease of Maurice O'Connell. Hearing before _Devens,_ J., who reported the case for the consideration of the full court, in substance as follows.

The appellants in the first case were Daniel A. O'Connell and John D. O'Connell, the heirs at law of Maurice O'Connell other than Ellen M. Wilson, and the appellant in the second case was the guardian _ad litem_ of her unborn children.

Maurice O'Connell died on July 7, 1882, leaving a will, dated August 31, 1881, which, after a gift to his wife of his real estate for life, with power to dispose of all his personal property absolutely, and with a request that she give his watch, seals, and chain to a grandchild, contained the following provision, which alone is material :

" One third of the real estate, with a like proportion of whatever may remain in her possession of the personal property undisposed of, to the children of my said eldest son, Daniel Aloysius O'Connell, in equal shares, to them, without in any event whatever including my watch, seals, and chain, already assigned specially for Maurice, my grandson; one third to my youngest son John D. O'Connell, M. D., one third of which shall be absolutely the exclusive property of his now only daughter, Honora Josephine O'Connell, which with whatever may be accumulated and left to her by my wife, her grandmother, shall be duly and properly invested for her benefit and absolute control and use when she arrives at the age of twenty-one years; and the remaining one third to my only daughter, Ellen M. O'Connell, to be enjoyed by her and her husband, should she marry, as long as she lives ; become the property of her children, if any, at her decease ; and, should she leave no issue, pass immediately at her decease to my heirs at law, without any part, even tenancy by curtesy, remaining in her husband;

and should all issue of her die without issue, their estate shall descend to my heirs at law, this provision comprising only what may come to them through their mother, my daughter."

Ellen O'Connell was married to William J. Wilson on September 29, 1881, but has had no children. On November 20, 1885, commissioners were duly appointed, on the petition of John D. O'Connell, to make partition of the real estate, and afterwards the proceeds of a sale duly had were paid over to those entitled thereto, with the exception of the one third in question. On December 5, 1885, Ellen M. Wilson and her husband conveyed an undivided third part of the real estate to George A. Wilson, to bar an alleged entail, a subsequent reconveyance of which was made by him to her.

The questions raised by the appellants were " first, whether the estate devised to said Ellen M. Wilson was an estate tail, which could be barred by the conveyances; and secondly, if it were such, and could be so barred, whether the conveyances were made at a time when they could effectuate that result."

*A. Russ & R. Lund*, for the appellants.

*A. Hemenway*, for the appellees.

MORTON, C. J. The decision of these cases depends upon the question, whether Ellen M. Wilson took under the will of her father, Maurice O'Connell, an estate for life, or an estate tail. The clause of the will under which she takes is as follows: " and the remaining one third to my only daughter, Ellen M. O'Connell, to be enjoyed by her and her husband, should she marry, as long as she lives; become the property of her children, if any, at her decease; and, should she leave no issue, pass immediately at her decease to my heirs at law, without any part, even tenancy by curtesy, remaining in her husband; and should all issue of her die without issue, their estate shall descend to my heirs at law, this provision comprising only what may come to them through their mother, my daughter."

We are of opinion, that under this devise Ellen O'Connell took only an estate for life. It contains no words of inheritance; on the contrary, it expressly declares that the estate is " to be enjoyed by her as long as she lives." The natural import of this language is to give her an estate for life, and

the subsequent provision that her husband was not to have any estate by the curtesy shows that the testator did not intend to give her an estate of inheritance, in which case the husband would be entitled to his estate by the curtesy. There is nothing in the other provisions of the will which shows an intention to enlarge this life estate to an estate in tail. In the devise over to her children, if she shall leave any at her decease, otherwise to the testator's heirs at law, the children or the heirs will take as purchasers, and not by limitation. The will therefore gives to the testator's daughter Ellen an estate for life, and a remainder over to her children, if she shall leave any, otherwise to his heirs at law. Any other construction would defeat the intention of the testator. Whether this is a remainder in fee or in tail need not be discussed, because it is immaterial to the decision of this case. If it be conceded to be a remainder in tail, yet it is entirely clear that the life tenant could not, by a deed executed by her, bar the entail. A tenant in tail actually seised of lands may, by a deed, bar the entail and convey an estate in fee simple; or, where lands are held by one person for life with a remainder in tail in another, the tenant for life and the remainderman may bar the entail, and convey the land in fee simple. Pub. Sts. c. 120, §§ 15, 16. But a life tenant alone cannot do this. *Holland* v. *Cruft*, 3 Gray, 162. *Whittaker* v. *Whittaker*, 99 Mass. 364. *Allen* v. *Trustees of Ashley School Fund*, 102 Mass. 262.

It follows, that, as Ellen M. O'Connell had only a life estate in the premises in question, the decree of the Probate Court was erroneous.                              *Decree reversed.*