THOMAS E. SKOLFIELD, et als., *vs.* STEPHEN LITCHFIELD.

Cumberland.   Opinion November 20, 1917.

*Wills. ˙ Devise creating an estate tail.   Power of devisee to destroy by conveyance the
remainder ˙ or  entail.   General rule as to expression or words
creating an estate tail.*

This is a real action in which the demandants claim title to the premises described
in the writ as devisees and remaindermen under the will of Thomas Skolfield,
and was submitted  to the presiding Justice at the October term, 1916, of the
Supreme Judicial Court for Cumberland County upon an agreed statement of
facts, with the right of exception in matters of law.   The presiding Justice
ordered judgment for the defendant, and the case is before the court on the
plaintiffs' exceptions to that order.   Four other cases follow the decision in the
case at bar.

*Held:*

1.   That a devise to a person and his heirs, with a devise over, in case he should
die without issue, vests in the first devisee an estate in fee tail, and a remainder
in the second devisee.

2.   By Chap. 78, Sec. 10, R. S., 1916, it is provided that a person seized of land
as a tenant in tail may convey it in fee simple.   Such conveyances bar the
estate tail and all remainders and reversions expectant thereon.

3.   Under our statutes a devise to a person means to such person and his heirs.

4.   The language of the testator must be construed to create an estate tail in the
first devisee, Frances R. P. Skolfield, in four-tenths of the real estate of Thomas
Skolfield, with a remainder to the children of his brother, the demandants.   By
the provision of the statute before cited she could convey the same in fee simple
and thus bar the estate in remainder of the demandants.

Writ of entry to recover possession of certain real estate in the
town of Brunswick, Cumberland County, Maine.   Defendant filed
plea of general issue, with brief statement setting up the Statute of
Limitations.   The case, with several others in which the same issues
were involved, were submitted to presiding Justice upon agreed state-
ment of facts, with the right of exceptions in matters of law.   The
presiding Justice ordered judgment for defendant; to which ruling
demandants filed exceptions.   Exceptions overruled.

Case stated in opinion.
*Emery G. Wilson,* for plaintiffs.
*Wheeler & Howe,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, KING, HANSON, MADIGAN, JJ.

HANSON, J.  This is a real action in which the demandants claim
title to the premises described in the writ as devisees and remainder-
men under the will of Thomas Skolfield, and was submitted to the
presiding Justice at the October term, 1916, of the Supreme Judicial
Court for Cumberland County upon an agreed statement of facts,
with the right of exception in matters of law.  The presiding Justice
ordered judgment for the defendant, and the case is before the court
on the plaintiff's exceptions to that order.  Four other cases follow
the decision in the case at bar.  The agreed statement follows:

"Thomas Skolfield, late of Brunswick in the County of Cumberland,
died in 1866 seized and possessed of all of the premises demanded in
these several actions, leaving a last will and testament which was
duly admitted to probate in the Probate Court for said County, a
copy of said will and testament, marked "A," being hereto annexed
and made a part of this agreed statement.

Frances R. S. Perkins, the adopted daughter of the testator referred
to in his will and otherwise known as Frances R. P. Skolfield, died in
said Brunswick on March 12, 1914, unmarried, leaving no issue.

The demandants, Thomas E. Skolfield and Clement S. Skolfield,
are children of Clement Skolfield, the brother of the testator, and the
demandant Emery G. Wilson is the son of a deceased daughter of
said Clement, said daughter having survived said Thomas, the three
demandants being all the heirs-at-law of said Clement Skolfield.

After the death of the testator, Thomas Skolfield, his widow,
Rebecca or Rebekah, and his adopted daughter, Frances, remained in
actual and exclusive possession of all the real estate left by Thomas,
including the premises demanded in these actions, until the dates of
their conveyances hereafter described.

Said Rebecca and said Frances conveyed the premises demanded
in these several actions by warranty deeds, duly recorded in the
Registry of Deeds for said County, dated May 6, 1874, November 27,
1874, February 27, 1877, February 26, 1878 and July 28, 1874,
respectively.

The defendants or tenants and those under whom they claim have been in actual, open, peaceable, notorious and exclusive possession of the premises demanded of them, holding under and by virtue of their respective deeds and believing that they held the fee, ever since the dates of the respective conveyances by Rebecca and Frances above described.

The defendants, Marion L. Purington and Clarence M. Purington are the widow and sole heir-at-law of Edward C. Purington, late of said Brunswick, deceased.

If upon the foregoing statement of facts the presiding Justice shall determine that the demandants are entitled to judgment, he shall also determine, upon further hearing, the value of the premises demanded in each action and all improvements or betterments to which the tenants may be entitled under any form of pleading in the same manner and with the same effect as such values would be determined by a jury under the statutes of Maine, and judgment rendered accordingly; otherwise judgment to be entered for the defendants."

We have before us the will in question and find that little aid is afforded in the solution of the question at issue aside from the clause devoted to the devise under which the demandants claim. Therefore such part of the exceptions as is necessary to raise the only question to be considered, is here reproduced:—

"The plaintiff's claim title to the demanded premises as devisees under the will of Thomas Skolfield, late of Brunswick.

The defendant claims title through subsequent conveyances under Frances R. P. Skolfield, deceased, who held as devisee under the will of the said Thomas Skolfield.

The title of both parties to this action depends upon the construction of the following clause in the will of the said Thomas Skolfield, 'I give, devise, and bequeath to Frances R. P. Perkins, my adopted daughter, four tenth parts of all my estate real, personal and mixed, exclusive of my household furniture, and in the event of the said Frances R. S. dying unmarried, leaving no issue, it is my will that the said four tenth parts of my estate shall go to the children of my brother Clement Skolfield, to have and to hold to them, their heirs, executors, administrators and assigns forever.'

The presiding Justice ruled that this clause in said will created an estate tail in the said Frances R. P. Skolfield and that she had broken

the entail by her conveyance to the defendant's predecessor in title and rendered judgment for the defendant."

The demandants claim that Frances R. P. Skolfield "took an estate in fee simple conditional liable to become complete or to be entirely defeated by the happening of the contingency named in the will," i. e. the event of the said Frances R. P. Skolfield dying unmarried, leaving no issue, which, according to the agreed facts, happened.

The defendants contend that "the devise created an estate tail in Frances R. P. Skolfield, with a remainder to the demandants."

It is the opinion of the court that the ruling of the presiding Justice, that the clause in the will of Thomas Skolfield above quoted created an estate tail in the said Frances R. P. Skolfield, and that she had broken the entail by her conveyance to the defendant's predecessor in title, was correct.

Counsel for both parties have cited many authorities, reference to some of which, in view of the settled law, will be unnecessary.

Words of like import to those used in the clause requiring our construction, came before the court in *Fisk* v. *Keene*, 35 Maine, 354, and the questions arising in the case at bar were fully considered, and it was there held that "A devise to a person and his heirs, with a devise over, in case he should die without issue, vests in the first devisee an estate in fee tail, and a remainder in the second devisee." It was also held that by the provisions of the statute, Chap. 91, Sec. 6, (1852) that "one seized in fee tail may bar the entail, and all remainders, by a conveyance in fee simple." Sec. 10, of Chap. 78, of the R. S., of 1916, makes similar provision in these words: "A person seized of land as a tenant in tail may convey it in fee simple. . . . . Such conveyances bar the estate tail and all remainders and reversions expectant thereon." The statute has remained unchanged in this respect since *Fisk* v. *Keene*, supra. To the same effect is *Richardson, in Equity,* v. *Richardson,* 80 Maine, 585, where the testator devised any remainder of his estate, left at his wife's decease, to two persons named by him, to go to the survivor of them, if the other died without children, and if both died without children, to go to the testator's grandchildren then living. It was there held, "that this is a devise of an estate tail by implication, to the two persons first named, and that they may by our statutes, convey the title to the property by deed in fee simple." In *Richardson* v. *Richardson,* supra, the court

cites with approval *Allen* v. *Trustees of Ashley School Fund*, 102 Mass., 262, where the court said: "It is well settled in this Commonwealth, that, after a devise of real estate in fee, a devise over in case the first devisee shall die 'without leaving issue,' or 'without leaving heirs of the body,' looks to an indefinite failure of issue, and therefore cannot take effect as an executory devise, but the first devise in fee is cut down by the subsequent devise to an estate tail, and the subsequent devisee takes an estate in remainder. The same rule of construction applies, when the first devise is to two persons, and the devise over, in case of the death of either, leaving no issue, is not to the survivor, but to a stranger."

As the court observed in *Richardson* v. *Richardson*, supra, it may not be amiss to say that the cases speak of devises to persons "and their heirs," and then over. Under our statutes a devise to a person means to such person "and his heirs," See also *Hall* v. *Cressey*, 92 Maine, 514.

The language of the testator must be construed to create an estate tail in the first devisee, Frances R. P. Skolfield, in four tenths of the real estate of Thomas Skolfield, with a remainder to the children of his brother, the demandants. By the provision of the statute before cited she could convey the same in fee simple and thus bar the estate in remainder of the demandants.

The entry will be,

*Exceptions overruled.*